**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 1 8 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

Case No.   **3:06CV00176 JLH**

Case Style: **EEOC v. Southwestern Bell Telephone, L.P.**

# JURY INSTRUCTIONS

given by the Court

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

During this trial I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions related.

2

**INSTRUCTION NO. 3**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 4

In these instructions you will be told that your verdict depends on whether or not you find certain facts to have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of the evidence. To prove something by a preponderance of the evidence is to present evidence which as a whole shows that the fact sought to be proved is more probable than not. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

**INSTRUCTION NO. 5**

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discharge an employee, or to otherwise discriminate against an employee with respect to his terms, conditions, or privileges of employment because of the employee's religion.  The term "religion" includes all aspects of religious observance and practice, as well as belief.

On behalf of Joe Gonzalez and Glenn Owen, the EEOC claims damages and has the burden of proving each of three essential propositions:

1.    Mr. Owen and Mr. Gonzalez had a sincere religious belief that conflicts with an employment requirement;

2.    Mr. Owen and Mr. Gonzalez informed AT&T about the conflict; and

3.    Mr. Owen and Mr. Gonzalez were discharged because of their refusal to comply with the employment requirement.

**INSTRUCTION NO. 6**

AT&T contends and has the burden of proving that it reasonably accommodated Mr. Owen's and Mr. Gonzalez's religious practices or that it was unable to make a reasonable accommodation of the employees' religious practices without undue hardship on the conduct of its business.

An accommodation is reasonable if it removes the religious conflict and reasonably allows the employee to continue to be employed by the employer. An employer is not required to choose any particular accommodation, nor must it adopt the accommodation preferred by the employee. If you determine that AT&T reasonably accommodated the religious practices of Joe Gonzalez and Glenn Owen, then you must decide in favor of AT&T.

If you determine that AT&T did not accommodate the religious practices of Mr. Gonzalez and Mr. Owen, you must decide in favor of the EEOC unless AT&T proves, by a preponderance of the evidence, that it was unable to make a reasonable accommodation of the religious beliefs of Mr. Gonzalez and Mr. Owen without an undue hardship on the conduct of its business. An "undue hardship" means that the accommodation would require the employer to bear more than a minimal cost.

## INSTRUCTION NO. 7

You may not return a verdict for Mr. Owen and Mr. Gonzalez just because you might disagree with AT&T's decision or believe it to be harsh or unreasonable.

**INSTRUCTION NO. 8**

If the interrogatories require you to assess damages in favor of the Mr. Gonzalez and Mr.

Owen, then you must award Mr. Gonzalez and Mr. Owen such sum as you find by the

preponderance of the evidence will fairly and justly compensate them for any damages you find

they sustained as a direct result of AT&T's decision to discharge them.  Mr. Gonzalez's and Mr.

Owen's claims for damages include three distinct types of damages and you must consider them

separately:

*First*, you must determine the amount of any wages and fringe benefits Mr. Gonzalez and

Mr. Owen would have earned in their employment with AT&T if they had not been suspended

on July 18, 2005 and discharged on August 2, 2005,  through the date of your verdict, *minus* the

amount of earnings and benefits that Mr. Gonzalez and Mr. Owen received from other

employment during that time.

*Second*, you must determine the amount of any other damages sustained by Mr. Gonzalez

and Mr. Owen, such as pecuniary compensatory damages for out of pocket medical expenses and

non pecuniary compensatory damages for emotional pain and suffering, embarrassment,

inconvenience, loss of enjoyment of life, and humiliation.  You must enter separate amounts for

each type of damages on the verdict form and must not include the same items in more than one

category.

You are also instructed that Mr. Gonzalez and Mr. Owen have a duty under the law to

"mitigate" their damages–that is, to exercise reasonable diligence under the circumstances to

minimize their damages.  Therefore, if you find by the preponderance of the evidence that Mr.

Gonzalez and Mr. Owen failed to seek out or take advantage of an opportunity that was

8

reasonably available to them, you must reduce their damages by the amount they reasonably could have avoided if they had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

**INSTRUCTION NO. 9**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: [read form]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom. Bring any unused forms in with you.