

Case No. **3:06CV00176 JLH**

Case Style: **EEOC v. Southwestern Bell Telephone, LP.**

# PROFFERED JURY INSTRUCTIONS

## BY PLAINTIFF

## INSTRUCTION NO. 5

The filing of a claim with the Equal Employment Opportunity Commission (the EEOC) is a prerequisite for filing a discrimination lawsuit under federal law. The EEOC is an agency of the United States government that has the duty of enforcing Title VII of the Civil Rights Act of 1964.

When the EEOC earns of an allegation of employment discrimination, it has the responsibility to investigate the claim of discrimination on behalf of the individual who filed a charge with the EEOC. If the EEOC determines there is reasonable cause to believe discrimination occurred, then the EEOC is required to inform the employer that it has reached this conclusion. The EEOC is then required to attempt to resolve the claim of discrimination through informal means of conciliation and persuasion.

If the matter cannot be resolved through these informal methods, then the EEOC may enforce Title VII of the Civil Rights Act of 1964 through a lawsuit against the employer. This is the procedure the EEOC has followed and why the EEOC filed this lawsuit as the plaintiff in this case on behalf of Joe Gonzalez and Glenn Owen.

PROFFERED A

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____

### 5.02C  TITLE VII - PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff under Instruction(s) _____, then you must decide whether the Defendant acted with malice or reckless indifference to Mr. Gonzalez's and Mr. Owen's rights not to be discriminated against on the basis of their religious beliefs. The Defendant acted with malice or reckless indifference if:

it has been proved by the greater weight of the evidence that Defendant knew that the termination was in violation of the law prohibiting religious discrimination, or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved by the greater weight of the evidence that the Defendant made a good-faith effort to comply with the law prohibiting religious discrimination.

If you find that the Defendant acted with malice or reckless indifference to the Plaintiff's rights [and did not make a good-faith effort to comply with the law], then, in addition to any other damages to which you find the Plaintiff entitled, you may, but are not required to, award the Plaintiff an additional amount as punitive damages. The purposes of punitive damages are only to punish the Defendant for engaging in such misconduct and to deter the Defendant and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. how offensive the Defendant's conduct was. In this regard, you may consider whether the harm suffered by Mr. Gonzalez and Mr. Owen was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human

PROFFERED B

health or safety; whether others were harmed by the same conduct of the Defendant that harmed Mr. Gonzalez and Mr. Owen; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Mr. Gonzalez and Mr. Owen;

     2. how much harm actually resulted to Mr. Gonzalez and Mr. Owen from the Defendant's wrongful conduct;

     3. what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its wrongful conduct toward Mr. Gonzalez and Mr. Owen and to deter the Defendant and others from similar wrongful conduct in the future;

     4. in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any; and

     5. the amount of possible harm the Defendant's conduct could cause the plaintiff in the future.


Authority: 8th Cir. Civil Jury Instr. §5.02C (2007)